IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

    v.                    Case No. 07-50035

**JOVEL ISAIAS TORRES**                                                          **DEFENDANT**

**O R D E R**

Currently before the Court is Defendant's **Motion to Dismiss Indictment (Doc. 30)** and the Government's **Response (Doc. 34)** in opposition. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. The indictment in this case charges that on or about April 12, 2007, the defendant violated 18 U.S.C. § 2250 by failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, et seq., which was enacted on July 27, 2006.

2. According to the Government, the following events led the defendant's indictment:

\*   In 2004, the defendant was convicted in the State of Maryland of a sex offense in the third degree. On November 23, 2004, the defendant signed documentation acknowledging that he was required to register as a sex offender under Maryland law. (Doc. 34 Ex. 1.)

1

\*      The defendant subsequently moved to Florida and his sex offender registration duties and requirements under Maryland law were transferred there by interstate compact.

\*      The defendant registered as a sex offender with the State of Florida Sex Offender Registry on August 11, 2005.  The defendant signed a document on that date acknowledging that if he intended to move to another state, he had to register as a sex offender in that state.  (Doc. 34 Ex. 2.)

\*      On April 11, 2007, a Deputy United States Marshal in the Western District of Arkansas learned that the defendant had, at some point, moved to Arkansas and had failed to register as a sex offender in Arkansas.

3.      The defendant moves to dismiss the indictment, arguing that there is no evidence that he traveled in interstate commerce, an essential element of the offense, after the effective date of the law, and that the retroactive application of the law would violate the ex post facto clause.

Neither the Eighth Circuit Court of Appeals nor any of its sister circuits has addressed the issue of whether the retroactive application of SORNA's registration requirements violates the Ex Post Facto Clause.  However, the majority of district court decisions on this issue, including several from this district, have held that SORNA is not an ex post facto law.  See United States v. Marcantonio, 2007 W.L. 2230773, at \*1 (W.D. Ark. July 31, 2007);

2

United States v. Markel, 2007 W.L. 1100416, at *1-2 (W.D. Ark. Apr. 11, 2007); United States v. Payne, Case No. 07-20002 (W.D. Ark. Feb. 26, 2007); United States v. Manning, 2007 W.L. 624037, at *1 (W.D. Ark. Feb. 23, 2007)[1]; United States v. Gonzales, 2007 W.L. 2298004, at *10 (N.D. Fla. Aug. 9, 2007); United States v. Mason, 2007 W.L. 1521515, at *4-5 (M.D. Fla. May 22, 2007); United States v. Templeton, 2007 W.L. 445481, at *5 (W.D. Okla. Feb. 7, 2007); United States v. Madera, 474 F. Supp.2d 1257, 1262-64 (M.D. Fla. Jan. 16, 2007).

These decisions have relied upon the reasoning in Smith v. Doe, 538 U.S. 84 (2003), in which the Supreme Court upheld the retroactive application of an Alaska sex offender registration law. Failure to register under the Alaska law carried a criminal penalty, just as 18 U.S.C. § 2250 does for failure to register under SORNA. The Supreme Court held, however, that the Alaska registration law was nonpunitive, and that its retroactive application, therefore, did not violate the ex post facto clause. The Court reasoned that the registration scheme was designed to protect the public from sex offenders and that an imposition of restrictive measures on sex offenders adjudged to be dangerous was a legitimate nonpunitive governmental objective. Id. at 93-97.

---

1. The Marcantonio, Markel, Payne and Manning decisions were issued by the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

This Court, like the majority of others that have addressed the issue, finds that the rationale applied by the Supreme Court in Smith in analyzing the retroactive application of the Alaska registration law likewise applies to the retroactive application of SORNA. The Court, therefore, concludes that the retroactive application of SORNA does not violate the ex post facto clause. The Court acknowledges that one district court case cited by the defendant, United States v. Bobby Smith, 481 F. Supp.2d 846, 851-54 (E.D. Mich. 2007), has reached the opposite conclusion, but the Court is unpersuaded by the reasoning in this isolated case.

4. Defendant next argues that he was never notified of the requirement to register under SORNA, as required by SORNA's own provisions, so he could not have knowingly failed to register under § 2250. This argument has likewise been rejected by the majority of district courts to address the issue. See Marcantonio, 2007 W.L. 2230773, at *1-2; Markel, 2007 W.L. 1100416, at *2; Payne, Case No. 07-20002; Manning, 2007 W.L. 624037, at *2; Gonzales, 2007 W.L. 2298004, at *2-4; United States v. Hinen, 487 F. Supp.2d 747, 754 (W.D. Va. 2007); United States v. Roberts, 2007 W.L. 2155750, at *2 (W.D. Va. July 27, 2007).

The defendant was advised in writing that if moved from Florida to another state, he had to register as a sex offender in that state. As explained in Marcantonio:

> A violation of SORNA requires that a defendant knowingly fail to register or update a registration. A defendant

4

>   can violate [SORNA] by failing to register or update a
>   SORNA imposed registration obligation or a registration
>   obligation imposed by another law.

Id. at * 2.  Thus, defendant's notice of his registration requirements under state law is sufficient to support a charge that he knowingly violated SORNA.

    5.  Based on the foregoing, the Court concludes that the defendant's Motion to Dismiss (Doc. 30) is without merit. Accordingly, the motion is hereby **DENIED**.

    IT IS SO ORDERED this 15th day of August 2007.


                                /S/JIMM LARRY HENDREN
                                JIMM LARRY HENDREN
                                UNITED STATES DISTRICT JUDGE